Filed 04/01/26

VERMONT SUPERIOR COURT
Lamoille Unit
154 Main Street
Hyde Park VT 05655
802-888-3887
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 25-CV-04332

| Joshua Merson et al v. The Lemelson Group, LLC |
|---|

## ENTRY REGARDING MOTION

Title:      Emergency Motion for Protective Order and to Quash or Stay Subpoena; Motion to Extend Discovery Deadlines (Motion: 11; 12; 16)
Filer:      Diana Pikulski
Filed Date:      February 18, 2026; March 05, 2026

Pending before the court are two discovery motions filed by defendant The Lemelson Group LLC—An Emergency Motion for Protective Order and to Quash or Stay Subpoenas (Motion 11-12) and a Motion to Extend Discovery Deadlines (Motion 16).

### 1. Motion 11-12

The court has already declined to grant emergency relief on the first motion. Turning to the merits, defendant seeks to quash plaintiffs' subpoenas to the New York State Department of State, Grassi & Co., Intuit Payments Inc. – Quickbooks, Airbnb, and Expedia Group VRBO. The subpoenas generally seek information about defendants' assets.

Defendant's primary argument is that these subpoenas are outside the scope of Writ of Attachment and Order for Trustee Process at Union Bank, otherwise irrelevant and overbroad and seek confidential information.

Under Rule 45 of the Vermont Rules of Civil Procedure, the court for which a subpoena was issued shall quash or modify the subpoena if it (i) fails to allow reasonable time for compliance, (ii) requires travel in excess of 50 miles; (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or (iv) subjects a person to undue burden. V.R.C.P. 45(c)(3)(A). A subpoena may also be quashed it calls for "clearly irrelevant matters." *Adams–Thompson v. Potter*, No. 755-11-15 Wncv, 2018 WL 11358771, at *2 (Vt. Super. Mar. 29, 2018) (quoting 9A Wright & Miller et al., Federal Practice & Procedure: Civil 3d § 2459)) (Teachout, J.).

Discovery of a party's financial condition or ability to satisfy a judgment is generally not permitted because it is not relevant to the parties' claims or defenses and not reasonably calculated to lead to the discovery of admissible evidence. *See, e.g., Insured Advoc. Grp., LLC v. Spartan Servs. Corp.*, No. 23-CV-07212 (LJL), 2024 WL 4893580, at *3 (S.D.N.Y. Nov. 26, 2024) (citations omitted). By contrast, such discovery is broadly available after a judgment has been issued. *Id.* at n.3.

Here, the court has approved the attachment of $53,584.35. Plaintiffs accordingly may seek discovery to satisfy the ordered attachment but may not otherwise seek discovery regarding defendant's ability to satisfy a potential judgment.[1] The subpoenas are not overbroad given that permissible goal, with the exception of the subpoena to Intuit Payments, Inc. – Quickbooks, which seeks copies of the defendant's twenty most recent estimates.

Plaintiffs' motion for a protective order and to quash accordingly is granted in part and denied in part. The motion is granted insofar as the request to Intuit Payments, Inc. – Quickbooks is modified to remove the request for defendant's 20 most recent invoices. The motion is otherwise denied.

1. **Motion 16**

Defendant also seeks to extend the discovery deadlines in this case. That motion is also granted in part and denied in part. The motion is denied with respect to the request to extend the expert disclosure deadline because plaintiff has failed to demonstrate excusable neglect for failing to seek an extension of that deadline until after it expired. *See* V.R.C.P. 6(b)(1)(B). The motion is granted insofar as the court extends the deposition deadline until June 5, 2026, and the trial-ready date until July 15, 2026.

### Order

Motion 11-12 is GRANTED IN PART AND DENIED IN PART. Motion 16 is GRANTED IN PART AND DENIED IN PART.

The court will take the parties' competing summary-judgment motions under advisement after briefing on the cross-motion is complete.

Electronically signed on: 4/1/2026 pursuant to V.R.E.F. 9(d)

_____
Benjamin D. Battles
Superior Court Judge

---

[1] Defendant can thus moot the subpoenas by providing the information necessary to attach $53,584.35 in accordance with the court's approval order.